# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED SATES OF AMERICA )
)    **No. 05 CR 0491**
)
v.                  )    **Judge John W. Darrah**
)
JEFFREY P. SCHROEDER )

## MEMORANDUM OPINION AND ORDER

On January 12, 2006, Defendant, Jeffrey P. Schroeder, pled guilty to one count of tax preparer fraud, in violation of 26 U.S.C. § 7206. At the change of plea hearing, the parties agreed to orally modify the language of the plea agreement to reflect that the parties disagreed as to the amount of tax loss for which Schroeder should be held accountable for purposes of sentencing. Presently before the Court is Schroeder's Motion to Withdraw Guilty Plea, filed prior to Schroeder's sentencing.

## BACKGROUND

At the January 12, 2006 plea hearing, the Court inquired of Schroeder whether he was competent and had an opportunity to consult with his attorney. The Court ensured that Schroeder's decision to plead guilty was not the result of any threat, promise, or other factor that would affect the voluntariness of the plea. During the plea hearing, Schroeder requested that the language of the written plea agreement be modified so as to permit him to argue at sentencing that the tax loss was different than what had been initially contemplated in the plea agreement. The parties agreed to modify the language of Paragraph 6(b) of the plea agreement to reflect that there was a disagreement as to the amount of tax loss for which Schroeder should be held accountable for purposes of sentencing.

Paragraph 6(b) of the plea agreement provides:

(b)  Pursuant to Guideline §§ 2T1.4(a)(1) and 2T4.1(F), the base offense level is 16 based on a tax loss of approximately $161,116, which is at least $80,000 but not more than $200,000.

Paragraph 6(k) of the plea agreement provides:

> The defendant and his attorney and the government acknowledge that the above calculations are preliminary in nature and based on facts known to the government as of the time of this Agreement. The defendant understands that the Probation Department will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations.

The plea agreement further provided that any errors in the calculations or interpretation of any of the guidelines could be corrected by either party at sentencing and that the "validity of this Agreement will not be affected by such corrections, and the defendant shall not have a right to withdraw his plea on the basis of such corrections." In addition, the plea agreement provided that the Court could impose the maximum penalties allowed and that "if the Court does not accept the sentencing recommendation of the parties, [Schroeder] will have no right to withdraw his guilty plea."

Schroeder's Presentence Investigation Report ("PSIR") was completed on April 28, 2006. On August 31, 2006, Schroeder filed his Sentencing Memorandum. On September 5, 2006, the Government filed its response to Schroeder's Sentencing Memorandum.

Prior to the September 6, 2006 sentencing hearing, Schroeder learned through the Probation Department that the tax loss for which Schroeder would be held accountable was not $161,116 but was $428,555.

On September 6, 2006, Schroeder's scheduled sentencing hearing began. During the course of the sentencing hearing, Schroeder objected to the Probation Department's conclusion that the tax loss for which Schroeder should be held accountable was $428,555. The Government countered that the parties had agreed that the tax loss was disputed and that both sides were permitted to present any argument at the sentencing regarding the tax loss. Schroeder then indicated that he wished to file a motion to withdraw his guilty plea. In light of the upcoming motion, the sentencing hearing was continued.

On September 15, 2006, Schroeder filed his Motion to Withdraw Guilty Plea. Schroeder seeks to withdraw his guilty plea, arguing that he would not have pled guilty had he known that the tax loss would be increased to $428,555, which raises his possible sentence from a range of 24 to 30 months to a range of 37 to 46 months.

## ANALYSIS

A defendant does not have an absolute right to withdraw his guilty plea. *See United States v. Pike*, 211 F.3d 385, 388 (7th Cir. 2000) (*Pike*). Prior to sentencing, the court may permit a defendant to withdraw his plea if he presents a "fair and just" reason for doing so. *See* Fed. R. Crim. P. 32(e). The burden of justifying such rests with the defendant. *Pike*, 211 F.3d at 288.

Factors considered in determining whether a defendant has demonstrated a fair and just reason to withdraw a guilty plea include: (1) the timeliness of the defendant's attempted plea withdrawal, (2) whether the defendant has asserted or maintained his innocence, and (3) the

voluntariness of the plea. *See United States v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1998); *United States v. Vlamakis*, 872 F. Supp. 533, 538 (N.D. Ill. 1995) (*Vlamakis*); Fed. R. Crim. P. 32(d) Advisory Notes (1983 Amendment).

The timing of Schroeder's motion weighs heavily against Schroeder. Schroeder informed the Court of his intent to withdraw his guilty plea more than seven months after his guilty plea, more than four months after he received the PSIR that included a tax loss finding of $428,555, and only after the Government argued at sentencing that the parties had agreed that the tax loss was disputed and could be challenged by either party at sentencing. *See Vlamakis*, 872 F. Supp. at 538 (denying motion to withdraw guilty plea that was filed more than four months after guilty plea and after PSIR was completed); *United States v. Scott*, 929 F.2d 313, 315-16 (7th Cir. 1991) (defendant's "incorrect estimates" and disappointed "secret expectations" as to a potential sentence do not justify withdrawal of guilty plea).

Schroeder does not contend that he is actually innocent; instead, he seeks to withdraw his plea because there is a chance that he will receive a different sentence than originally contemplated. This justification for withdrawing his plea is not meritorious. *See United States v. Dumes*, 313 F.3d 372, 383 (7th Cir. 2002) (affirming district court's denial of motion to withdraw guilty plea based on increased sentencing range than contemplated by defendant); *United States v. Hauptman*, 111 F.3d 48, 50 (7th Cir. 1997) (district court properly used its discretion as provided in the plea agreement to recalculate the loss amount that resulted in increased sentence); *see also United States v. Rodriguez-Rodriguez*, 2004 WL 2095673 (N.D. Ill. Sept, 17, 2004); *United States v. Reyes-Acosta*, 334 F. Supp. 2d 1077, 1081-82 (N.D. Ill. 2004) (collectively, denying motion to withdraw guilty plea

based on defendant's argument that the holdings in *Blakely* and *Washington* might have changed the calculus of his plea decision).

There is also no evidence that Schroeder's plea was not voluntary. The Court conducted the plea proceedings in strict conformity with Rule 11's requirements. Schroeder's guilty plea was not accepted until the Court addressed Schroeder personally in open court and determined that the plea was voluntary and not the result of force or threats or promises apart from the plea agreement. In addition, the long delay in seeking to withdraw the guilty plea is also contrary to any claim that the guilty plea was coerced. *See Vlamakis*, 872 F. Supp. 2d at 538.

In light of the extensive Rule 11 inquiries by the Court before accepting Schroeder's plea, no evidentiary hearing is required on Schroeder's Motion to Withdraw Guilty Plea. *See United States v. Trussel*, 961 F.2d 685, 689 (7th Cir. 1992); *United States v. Fountain*, 777 F.2d 351, 358 (7th Cir. 1985).

## CONCLUSION

For the reasons stated above, Schroeder has failed to present a fair and just reason to withdraw his plea of guilty. Accordingly, Schroeder's Motion to Withdraw Guilty Plea is denied.

Dated: October 6 2006

JOHN W. DARRAH
United States District Court Judge